# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**S.E.,**

        **Plaintiff,**

     **v.**

**EXPERIAN INFORMATION
SOLUTIONS, INC.,**

        **Defendant.**

**Civil Action 2:25-cv-1527
Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura**


## ORDER

This matter is before the Court on Plaintiff's Motion for Protective Order and Information Block (ECF No. 9), which the Court construes as a motion for leave to proceed anonymously. Plaintiff is a victim of human trafficking and alleges that Defendant failed to block fraudulent accounts on her credit report in violation of the Fair Credit Reporting Act. (Compl., ECF No. 4.)

Generally, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a). However, the Court "may excuse plaintiffs from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001). To determine whether a plaintiff's privacy interests outweigh

the presumption in favor of openness, the United States Court of Appeals for the Sixth Circuit has identified factors to consider, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Porter*, 370 F. 3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). It is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case. *Id.* at 561.

Here, although only the second *Porter* factor is implicated, that factor supports anonymity. Courts in this District agree that human trafficking plaintiffs are forced to disclose information of the utmost intimacy, such that proceeding by pseudonym is warranted. *See, e.g.*, *A.C. v. Red Roof Inns, Inc.*, No. 2:19-CV-4965, 2020 WL 5361731, at *2 (S.D. Ohio Sept. 8, 2020); *M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-CV-00849, 2020 WL 5417560 (S.D. Ohio Sept. 10, 2020); *see also Doe (A.L.G.) v. Wyndham Hotel & Resorts*, No. 1:24-CV-285-RP, 2025 WL 625823, at *2 (W.D. Tex. Feb. 25, 2025) ("Cases involving sex trafficking inherently involve intimate matters, and the public disclosure of those details could harm Plaintiff, expose her to the very real stigma associated with sex trafficking, and expose her to the threat of retaliation by her alleged trafficker or their associates.").

Under the circumstances, the Court finds compelling reasons to protect Plaintiff's privacy and shield her from discrimination and harassment. Therefore, Plaintiffs' Motion (ECF No. 9) is **GRANTED**.

It is further **ORDERED** that:

(1)     The Clerk is **DIRECTED** to place ECF Nos. 2–4 and 6–9 **UNDER SEAL** and to replace all instances of Plaintiff's name on the docket with her pseudonym S.E.;

2

(2)     In all publicly filed documents, Plaintiff shall be identified only as S.E. All documents filed with this Court that contain Plaintiff's name, address, telephone number, email address, medical records, immigration status, or contain information that would permit identification of these items, directly or indirectly, shall be appropriately redacted or filed **UNDER SEAL**.[1] If filing under seal, the filing party must also contemporaneously file a public version with any identifying information redacted.

(3)     Plaintiff is **ORDERED** to re-file, **WITHIN SEVEN DAYS** of the date of this Order, copies of her Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 3), Complaint (ECF No. 4), Objection to Report and Recommendation (ECF No. 8) and Motion for Protective Order and Information Block (ECF No. 9) that use only her pseudonym S.E. and otherwise redacts her identifying information. The Court will similarly re-file copies of its Orders and Reports and Recommendations that refer to Plaintiff only as S.E. and otherwise redact her identifying information.

(4)     The parties shall take all other reasonable steps to prevent Plaintiff's name and other identifying information from being disclosed.


**IT IS SO ORDERED.**


/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

---

[1] In accordance with S.D. Ohio Civ. Rule 5.2.1, any party wishing to file such a document with the Court must seek advance leave to file the particular document under seal.